**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Rawls, | No. CV-10-231-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendant. | |

Pending before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendants Maricopa County and County Sheriff Joseph Arpaio ("the County Defendants") (Dkt. # 5) and the Motion to Dismiss filed by Defendant Marciano Murillo ("Murillo"). (Dkt. #15.) For the reasons set forth below, the Court denies Murillo's motion and grants the County Defendants' motion in part and denies it in part.

**BACKGROUND**

Plaintiff Vernon Rawls raises the following allegations against the County Defendants, Murillo, and Officer Brian Solla: In October of 2008, Plaintiff was an inmate at the Durango Jail in Maricopa County, Arizona. (Dkt. #1 at ¶ 7.) On October 8, 2008, at approximately 10:00 p.m., Plaintiff was sleeping in his bunk when several officers, including Murillo, entered Plaintiff's cell and ordered the inmates to leave. (*Id*. at *¶* 8.) According to Plaintiff, the officers ordered the inmates to vacate their cell to permit the officers to search

the cell without the inmates being present.  Plaintiff, who was allegedly sleeping soundly due to sleep medication provided by authorities at the jail, attempted to comply with the officers' order by waking up and attempting to climb down from his bunk to leave the cell. (*Id*.)  One or more of the officers, including Murillo, however, apparently did not feel that Plaintiff was moving from his bunk and out of the cell fast enough. These officers grabbed Plaintiff and forcibly threw him to the floor. (*Id*. at ¶ 9.)  As a result of this violent use of force, Plaintiff's knee struck a hard object, allegedly causing severe injuries. (*Id*.)

On February 2, 2010, Plaintiff filed a Complaint alleging that Defendants' excessive force violated 42 U.S.C. § 1983. He also alleges negligence pursuant to Arizona law. Defendants now move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll

allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**DISCUSSION**

Section 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. It does not create any substantive rights; instead, it is a vehicle whereby plaintiffs can challenge the actions of government officials. *See* 42 U.S.C. § 1983. In order to recover under § 1983, a plaintiff must show the violation of a right protected by the Constitution or federal law, that was proximately caused by conduct of a "person" named as a defendant acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). To prevail under § 1983, a plaintiff must also demonstrate that the state official acted with deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 385 (1989). When a plaintiff raises a claim against a municipality pursuant to §1983, he or she must further allege facts demonstrating that the municipality *itself* caused the constitutional violation. *Id.* at 388. According to the Ninth Circuit, there are two routes to municipal liability under the statute. The first route applies when a plaintiff sets forth facts indicating that the municipality inflicted a constitutional injury through its policy, custom, or practice. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1185 (9th Cir. 2002). Alternatively, a plaintiff may allege municipal liability through facts showing that "the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation," and yet failed to act. *Id.* at 1186.

Plaintiff has adequately alleged all the required elements of a § 1983 claim against Murillo. First, Plaintiff has alleged a violation of Plaintiff's Fourth Amendment civil rights. According to Plaintiff, he was physically grabbed and thrown to the floor by use of excessive force. (Dkt. #1.) Similarly, Plaintiff has alleged that the constitutional violation was caused

by the defendants acting under color of law. In his Complaint, he alleges that the violations of his rights were caused by Murillo, through his use of unreasonable and excessive force in throwing Plaintiff to the floor. These actions caused Plaintiff's knee to strike a hard object, causing severe injuries. (*Id.*) As an officer of Maricopa County acting pursuant to his duties as an officer, it further appears that Murillo was acting under color of law. The violent nature of the conduct implies that officer Murillo acted with deliberate indifference. Accordingly, Plaintiff has stated a claim against Murillo.

Regarding the County Defendants, Plaintiff may have raised a state law claim for negligence – e.g. negligent supervision, hiring, or training, but a § 1983 action against a municipality requires something more. A municipality may be liable under § 1983 for failure to train its police force when it can be proven that the municipality acted recklessly, intentionally, or with gross negligence. *City of Canton,* 489 U.S. at 382. At a minimum, it requires "reckless indifference" by the governmental entity to the rights of the plaintiff. In his Complaint, Plaintiff asserts that the County Defendants "owed [him] a duty to use reasonable care in hiring, training, and supervising [its] officers[,] including Murillo." (*Id.*) Plaintiff further alleges that "Defendants breached this duty by failing to properly and adequately hire, train[,] and supervise [its] officers." (*Id.*) According to Plaintiff, the County Defendants have an unlawful policy, custom, or practice, with regard to the amount of force used when clearing cells. Plaintiff must plead more facts, however, to state a claim under § 1983. Additional facts are necessary to determine, for example, whether the county ignored a problem among its corrections officers indicating that additional training in the use of force was necessary, or that the county was otherwise deliberately indifferent in refusing to provide special training. Absent such facts, Plaintiff has pled only a "formulaic recitation of the elements of a cause of action," which is insufficient under *Twombly.* 550 U.S. at 555.[1]

---

[1]To the extent that the County Defendants argue in their Reply brief (Dkt. #12) that Maricopa County cannot be liable for the events alleged in Plaintiff's Complaint, because it does not operate the Durango Jail, that argument is not properly before the Court. Defendants have waived that argument, at least for the purposes of the instant motion, by

- 4 -

Further, the parties have not addressed whether in the absence of a federal claim against the County Defendants, the Court should exercise supplemental jurisdiction over the state negligence claim against the County Defendants. Generally, federal courts do not exercise supplemental jurisdiction over pendent state-law claims when the federal claim is dismissed. *See Carlsbad Tech. Inc. v. HIF Bio, Inc.,* 129 S.Ct. 1862, 1865 (2009) (holding that a district court has discretion in exercising supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction). Nevertheless, because Plaintiff has stated a claim against Officer Murillo, and because the state claims against the County Defendants arise from the same operative facts, the court in its discretion will exercise supplemental jurisdiction in this case.

**IT IS THEREFORE ORDERED:**

1. Defendant Murillo's Motion to Dismiss for Failure to State a Claim (Dkt. #15) is **DENIED.**

2. Maricopa County's and Joseph Arpaio's Motion to Dismiss for Failure to State a Claim (Dkt. #5) is **GRANTED** with respect to Plaintiff's § 1983 claims and **DENIED** as to his state-law claim for negligence.

3. Plaintiff's § 1983 claim against the County Defendants is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff will have **thirty days (30) or until July 22, 2010**, to file an Amended Complaint. Plaintiff shall also file with the Court and the County Defendants a redline version indicating all changes from the Complaint and the Amended Complaint.

DATED this 22nd day of June, 2010.

_____
G. Murray Snow
United States District Judge

---

failing to raise it in their opening brief, and raising it only in their reply memorandum. *See Dilley v. Gunn,* 64 F.3d 1365, 1367 (9th Cir. 1995).

- 5 -