WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Rawls, | No. CV-10-231-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al.,, | |
| Defendant. | |

Pending before the Court are the Motion for Reconsideration filed by Defendant Maricopa County (the "County") (Doc. 22) and the Request for Dismissal without Prejudice of the § 1983 claim against Sheriff Joseph Arpaio and the County filed by Plaintiff Vernon Rawls (Doc. 25). As set forth below, the Court denies both the Motion and the Request.

**DISCUSSION**

**I.     The County's Motion for Reconsideration**

Generally, "arguments raised for the first time" in a defendant's "reply brief will not be consider[ed] by the Court." *Beckhum v. Hirsh*, 2010 WL 582095, at *8 (D. Ariz. Feb. 17, 2010) (citing *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003); *see Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995) ("Issues not raised in the opening brief usually are deemed waived.") (citation omitted). Arguments made *in response* to those that are set forth in the opposing party's opposition brief, however, "are not new; they are rebuttal arguments, which are permitted in a reply brief." *Beckhum*, 2010 WL 582095, at *8 (citing

*EEOC v. Creative Networks, LLC and Res-Care, Inc.*, 2008 WL 5225807, *2 (D. Ariz. Dec. 15, 2008)).

In its previous Order, the Court declined consideration of an argument that the County raised for the first time in its Reply Memorandum. (Doc. 21, at 4 n. 1). There, the County asserted for the first time that the claims against it should be dismissed because it has no right of control over the Sheriff, his deputies, or the jail where the alleged misconduct occurred. (Doc. 22 at 3). The County now moves for reconsideration of the Court's refusal to reach the merits of that argument.

According to the County, its failure to raise this argument in the motion to dismiss should be excused because the County was merely responding to arguments raised in Plaintiff's Response to the motion to dismiss. (*See id.*) The County contends that its argument was merely *responsive* because Plaintiff's "allegations[] that the County 'directed' SRT officers, who are jail employees, to take specific action[] are not present in Plaintiff's Complaint." (Doc. 22 at 3). Upon further review of the filings, the Court finds that the County's argument was not made in rebuttal to issues raised in Plaintiff's response. Instead, that argument raised a *new* issue that was not briefed in the motion to dismiss. *See Beckhum*, 582095, at *8.

The Original Complaint alleges that "Maricopa County . . . owed Plaintiff . . . a duty to use reasonable care in hiring, training, and *supervising* SRT officers." (Doc. # 1, Ex. 1 at 17). Plaintiff then alleges that the County "breached this duty." (*Id.*) If this were not enough, the Complaint also alleges that the SRK officers were "following . . . *directives* issued by Defendants" when Plaintiff was "subjected to . . . unreasonable and excessive force." (*Id.*) As utilized throughout the Complaint, the term "Defendants" included the County. (*See generally id.*) Hence, the County's argument that it was merely rebutting new allegations made in Plaintiff's Response is not supported by the record.

There is nothing that precluded the County from arguing in the motion to dismiss that it lacks a right of control over the Sheriff, his deputies, or the jail. The County should have contemplated this argument based on the allegations in the Complaint. Consideration of this

1 issue when it was raised for the first time in the County's Reply would deprive Plaintiff of an opportunity to brief and respond to the County's argument. Indeed, if the County can characterize the issue raised in its Reply as a "rebuttal argument," that would eviscerate the rule that courts do not consider issues raised for the first time in a reply memorandum.

**II. Plaintiff's Request for Dismissal without Prejudice.**

In his request, Plaintiff seeks dismissal of his § 1981 claim, but only as to the County and the Sheriff. Because the Court has already dismissed these claims pursuant to Defendants' Motion, Plaintiff's Request is denied as moot. To the extent that Plaintiff apparently seeks an indefinite right to later amend and reassert these claims, the Court need not determine at this time whether a future amendment, which has not yet been offered, would be appropriate. In the event Plaintiff seeks to amend his complaint to reassert these claims, he must seek leave of the Court to do so, as required by the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that the County's Motion for Reconsideration (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Dismissal without Prejudice of his § 1983 claim against Sheriff Joseph Arpaio and the County (Doc. 25) is **DENIED** as moot.

DATED this 23rd day of July, 2010.

_____
G. Murray Snow
United States District Judge